Elliot M. Elo, Esq.
The Law Office of Elliot M. Elo, Esq. PLLC
42 West 48th Street, 2nd Floor
New York, NY, 10036
Tel: (212) 302-1257
*Attorney for Plaintiff, China Nisbeth*
*on behalf of himself and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------**X**
CHINA NISBETH

Plaintiff,

COMPLAINT

v.

Case No.

MCCARTHY BURGESS & WOLFF
Defendant.

Jury Trial Demanded

-------------------------------------------------------**X**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, China Nisbeth, by and through her counsel, Elliot M. Elo, Esq., as and for her complaint against Defendant, on behalf on herself and all others similarly situated, alleges as follows:

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, China Nisbeth (hereinafter "Plaintiff"), an individual consumer, against Defendant, McCarthy Burgess & Wolff (the "Defendant"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C §1692 et seq. (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in their attempts to collect alleged consumer debts from Plaintiff and others similarly situated.

2. The FDCPA is generally characterized as a “strict liability” statute because “it imposes liability without proof of an intentional violation.”
3. Plaintiff alleges that the Defendants’ collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (“FDCPA”).
4. The FDCPA broadly prohibits conduct which harasses, oppresses, or abuses any debtor; any false, deceptive, or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. See generally 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C § 1692k(d) 28 U.S.C 1331.
6. Venue and personal jurisdiction in this District is proper because:

   a. The acts giving rise to this lawsuit occurred with this District; and

   b. Defendants transact business with this District.

## III. PRELIMINARY STATEMENT

The Fair Debt Collection Practices Act (hereinafter “FDCPA”) has been in existence since 1977 to prevent abusive practices in the collection of consumer debts. Regulation F was introduced much later to further refine and enforce these practices.

While the FDCPA provides the foundation for consumer protections related to debt collection, it has some limitations. Regulation F was introduced by the Consumer Financial Protection Bureau (CFPB) as an updated set of rules that supplement and detail requirements under the FDCPA.

The purpose of Regulation F is not to replace the FDCPA but to fortify and modernize it. It provides consumers with more clarity and agency in the interaction with debt collectors, yet still allowing the collection industry to carry out their operations effectively.

**15 U.S.C § 1692c Communication in connection with debt collection**

**(c)CEASING COMMUNICATION**

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

**(1)**to advise the consumer that the debt collector's further efforts are being terminated;

**(2)**to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

**(3)**where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

## IV. PARTIES

7. Plaintiff is an individual natural person residing in Bronx County, New York.

8. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

9. Upon information and belief, Defendant, respectively, has a principal place of business located at 26000 Cannon Rd, Cleveland, OH 44146.

10. Defendant, McCarthy Burgess & Wolff, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and are engaged in the business of collecting consumer debts.

11. Defendant McCarthy Burgess & Wolff is engaged in the collection of debt from consumers using the mails and telephone. Defendant regularly attempts to collect consumers' debts alleged to be due to another. The alleged debt arose from a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

## V. FACTS OF THE COMPLAINT

12. On or about February 24, 2024 at 11:34AM, Plaintiff received a text message from Defendant, McCarthy Burgess & Wolff, about a debt allegedly to VERIZON WIRELESS in the amount of $1,024.95.

13. On that same day at 12:05PM, Plaintiff responded to the text message and stated that she was "unwilling to pay." Pursuant to 15 § U.S.C 1692c(c) once a consumer sends communication to a debt collector that the consumer refuses to pay to pay a debt, the debt collector must cease all communications.

14. Immediately after, at 12:05PM, Plaintiff received a reply via text from Defendant, McCarthy Burgess & Wolff. This was illegal contact by Defendant, McCarthy

Burgess & Wolff after the Plaintiff sent communication via text stating that they were unwilling to pay the debt.

15. On that same day at 12:16PM, Plaintiff received another reply via text from Defendant, McCarthy Burgess & Wolff. This was another illegal contact by Defendant, McCarthy Burgess & Wolff after the Plaintiff sent communication via text stating that they refused to pay the debt.
16. On that same day at 12:38PM, Plaintiff received another reply via text from Defendant, McCarthy Burgess & Wolff. This was another illegal contact by Defendant, McCarthy Burgess & Wolff after the Plaintiff sent communication via text stating that they refused to pay the debt.
17. Violations thereto are documented by text captured that are in the possession of Plaintiff. In contradiction to the aforementioned actions of Defendant, McCarthy Burgess & Wolff, it may assert a defense of Bona Fide Error, claiming that any alleged violation of the Fair Debt Collection Practices Act was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, pursuant to 15 U.S.C. § 1692k(c). However, the continual nature of Defendant's violations and its persistence in attempting to collect the alleged debt post Plaintiff's clear communication of refusal to pay, strongly suggests a willful disregard for the FDCPA, rather than a bona fide error.
18. On or about February 24, 2024, Plaintiff immediately sent communication via text saying she was "unwilling to pay."
19. Plaintiff's rights under the FDCPA and Regulation F were violated, as the Plaintiff clearly communicated via text messages that they were unwilling to pay

the debt. Despite the clear instructions, and in an attempt to intimidate, harass, and oppress Plaintiff, the Defendant continued to send Plaintiff multiple text messages about the debt and was an attempt to collect the debt.

20. Plaintiff has suffered actual damages as a result of these illegal collection tactics by the Defendant, McCarthy Burgess & Wolff, in the form of invasion of privacy, seclusion upon intrusion, personal embarrassment, loss of productive time, emotional distress, frustration, anger, humiliation and amongst other negative emotions.

## V. CLAIM FOR RELIEF

15 U.S.C § 1692c(c) and Regulation F § 1006.14(h)(1)

(Defendant: McCarthy Burgess & Wolff )

21. Plaintiff realleges and incorporates by reference paragraphs 1-20 above.

22. Defendant violated the FDCPA under15 U.S.C. § 1692c(c) and Regulation F §1006.14(h)(1) by failing to cease collection activity after receiving written notice.

23. Defendant caused injury in fact, by causing, among other things, mental and emotional distress, invasion of personal privacy, and other injuries and damages to Plaintiff.

24. Defendant's conduct was negligent and/or willful.

25. Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

26. Alternatively, Plaintiff is entitled to statutory damages and other costs pursuant to 15 U.S.C. § 1692k(2)(A)(3).

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHINA NISBETH, respectfully requests a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant, McCarthy Burgess & Wolff for:

a. Judgment for the violations occurred for violating the FDCPA.

b. Actual damages pursuant to 15 U.S.C § 1692k(a)(1).

c. Statutory damages pursuant to 15 U.S.C § 1692k(2)(A).

d. Cost pursuant to 15 U.S.C 1692k(3);

e. For such other and further relief as the Court may deem just and proper.

Date: May 1, 2024

Respectfully submitted:

/s/ Elliot Elo

Elliot M. Elo, Esq. PLLC
42 West 48th Street
2nd Floor
New York, NY, 10036
(212) 302-1257 (telephone)
ElliotEloEsq@aol.com (email)